**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 22-2357
_____

UNITED STATES OF AMERICA

v.

RICHARD DESCISCIO,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:88-cr-00239-002)
District Judge:  Honorable Peter G. Sheridan

_____

Submitted for Possible Dismissal as Untimely or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 9, 2023
Before:  HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: March 6, 2023)
_____

OPINION[*]
_____

**PER CURIAM**

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Federal prisoner Richard DeSciscio appeals pro se from the District Court's denial of his fourth motion for compassionate release. The Government has filed a motion to dismiss the appeal as untimely, or in the alternative for summary action. For the reasons that follow, we deny the motion to the extent it seeks dismissal[1] of the appeal as untimely but grant the motion to the extent it seeks summary affirmance.

In 1989, DeSciscio was convicted by a jury of committing twenty-six offenses related to his involvement in an organized crime organization. He was sentenced to seventy-five years' imprisonment, and his convictions and sentence were affirmed on appeal. In May 2020, DeSciscio, through counsel, filed his first motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and (ii), arguing that a reduced sentence was warranted because his multiple pre-existing medical conditions and advanced age made him particularly vulnerable to COVID-19 and because he was sentenced after 1987, is older than seventy, and had served thirty years of his sentence. DeSciscio also argued that, due to his age and health, he was not at risk of recidivism and did not pose a danger to the safety of the community. The District Court denied DeSciscio's motion in July 2020, concluding that he had not established extraordinary

---

[1]Because it appeared that the notice of appeal was filed a day late, the Clerk of our Court advised the parties that the appeal faced possible dismissal and invited the parties to respond. DeSciscio's response satisfies us that the appeal was timely filed. See Houston v. Lack, 487 U.S. 266 (1988); United States v. Grana, 864 F.2d 312, 316 (3rd Cir. 1989).

and compelling reasons for a reduced sentence and that the applicable sentencing factors under 18 U.S.C. § 3553(a) weighed against his release.

DeSciscio did not appeal from that denial of compassionate release. Instead, in April 2021, DeSciscio filed a second compassionate-release motion that referenced and renewed his prior motion and raised an additional argument that there existed evidence of constitutional violations at his trial and of DeSciscio's actual innocence. In June 2021, the District Court denied that motion. DeSciscio again did not appeal. Instead, DeSciscio filed a third motion for compassionate release in September 2021, which included proof that he had exhausted his administrative remedies and again incorporated by reference the facts and legal arguments previously set forth by his first and second motions. In addition, DeSciscio raised the equal protection disparate treatment argument that other criminals who have similar records and are career offenders have been granted compassionate release.

The District Court denied that motion in January 2022, again determining that it did not meet the standard for reconsideration as there was "nothing new to reconsider." To the extent that motion was not intended as a motion for reconsideration and was instead intended as a new motion under 18 U.S.C. § 3582(c)(1)(A), the District Court concluded both that the motion failed on the merits and that Section 404 of the First Step Act barred the Court from entertaining such a motion when the Court had denied a previous motion after complete review on the merits. DeSciscio again did not appeal.

3

Instead, and now proceeding pro se, in March 2022, DeSciscio filed his fourth motion for compassionate release. DeSciscio's fourth motion essentially relied on the same grounds as his previous motions. However, DeSciscio added argument that (1) there had been additional spread of COVID-19 in the facility where he was housed since he first sought compassionate release; (2) he disagreed with the District Court's weighing of the § 3553(a) factors, specifically its classification of DeSciscio as a violent career criminal history; (3) his incarceration has caused his family hardship; and (4) there is evidence that he was at a church carnival on the night of one of the crimes of which he was convicted. In July 2022, the District Court denied that motion as lacking merit and pursuant to Section 404 of the First Step Act. In its denial on the merits, the District Court relied upon its previous reasoning, concluding that DeSciscio had yet again failed to meet the "extraordinary and compelling reasons" requirement, nor had he established that a rebalancing of the § 3553(a) factors was warranted. DeSciscio now appeals from that order.

We have jurisdiction to review the appeal under 28 U.S.C. § 1291. We review a District Court's order denying a motion for compassionate release for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). However, when the crux of the District Court's ruling is statutory interpretation, we will review the claim de novo. See United States v. Moore, 975 F.3d 84, 88-89 (2nd Cir.

4

2020).  We may summarily affirm a District Court's decision if the appeal fails to present a substantial question.  See 3d Cir. I.O.P. 10.6.

We discern no abuse of discretion in the District Court's conclusion that compassionate release was not warranted.[2]

As we have previously explained, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."  United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020).  The District Court's July 2020 memorandum and order included an individualized inquiry as to DeSciscio's medical conditions, and ultimately determined that DeSciscio's medical conditions, while serious, did not place him at any higher risk for severe illness from COVID-19.  The District Court's reasoning is persuasive.  Although that order is not the subject of this appeal, the District Court's analysis there is relevant here because—as noted by the District Court's July 2022 order—DeSciscio's fourth motion for compassionate release did not raise any new medical condition for the Court to evaluate.  Indeed, although DeSciscio argued that COVID-19 had spread since the date of his first motion, he did not provide any additional facts or argument that the spread

---

[2]We agree with Government's concession on appeal that the District Court erred in concluding Section 404 of the First Step Act acted as a statutory bar to its ability to grant DeSciscio's fourth motion.  Despite this error, the District Court reviewed the substance of DeSciscio's motion and concluded that it was without merit.  We therefore agree with the Government that the error was harmless.

5

placed him at any higher risk for severe illness. On the contrary, DeSciscio appears to have informed the District Court that he had contracted COVID-19 while incarcerated and did not suffer any lasting complications from the illness. Thus, absent any indication that changed circumstances required the District Court to reevaluate its determination of existence of "extraordinary and compelling circumstances," we discern no abuse of discretion in the District Court's conclusion that DeSciscio's fourth motion yet again failed to meet the "extraordinary and compelling reasons" requirement.

We also discern no error in the District Court's consideration of the Section 3553(a) factors. The Court recognized that the crimes were committed long ago and that DeSciscio's incarceration had caused hardship to his family, but it noted that DeSciscio's Presentence Report details a "long, violent criminal history as an enforcer for the mafia" and that "his term of incarceration has been very long because of his participation in organized crime, including . . . three murder conspiracies." Dist. Ct. Dkt. ECF No. 50 at 2–3. Nothing in the record suggests that the District Court was clearly wrong in its consideration of the § 3553(a) factors. See, e.g., Pawlowski, 967 F.3d at 330–31 (denying motion for compassionate release considering, among other factors, the time remaining on the defendant's sentence and the seriousness of the defendant's crimes). Nor can we conclude that the District Court committed a clear error of judgment in rejecting DeSciscio's repeated request to reweigh those factors.

For the foregoing reasons, the appeal does not present a substantial question. We

6

will summarily affirm the District Court's order.  <u>See</u> 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018)